LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SALVADOR GOMEZ,<br>*on behalf of himself, FLSA Collective Plaintiffs<br>and the Class,*<br><br>                Plaintiff,<br><br>    v.<br><br>TERRI VEGETARIAN LLC d/b/a TERRI,<br>TERRI 2 LLC d/b/a TERRI,<br>TERRI 3, LLC d/b/a TERRI,<br>CRAIG COCHRAN,<br>JEFFREY LAPADULA<br>and TOMER VERSANO,<br><br>                Defendants. | Case No:<br><br>**CLASS AND<br>COLLECTIVE ACTION<br>COMPLAINT** |

---

Plaintiff, SALVADOR GOMEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, TERRI VEGETARIAN LLC d/b/a TERRI, TERRI 2 LLC d/b/a TERRI, TERRI 3, LLC d/b/a TERRI (the "Corporate Defendants"), CRAIG COCHRAN, JEFFREY LAPADULA and TOMER VERSANO (together the "Individual Defendants," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to invalid tip credit, (2) unpaid overtime, (3) compensation for unpaid spread-of-hours premiums, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SALVADOR GOMEZ, for all relevant time periods, was a resident of Queens County, New York.

6. The Defendants operate three restaurants under the common trade name "Terri" with addresses as follows:

(a) 60 West 23rd Street, New York, New York 10010;

(b) 100 Maiden Lane, New York, New York 10038; and

(c) 685 3rd Avenue, New York, New York 10017 (Collectively, "Terri Restaurants").

7. The Terri Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose.

(a) Individual Defendant, CRAIG COCHRAN is the owner and operator of each of the Corporate Defendants.

(b) All Corporate Defendants share the same address for service of process.

(c) The Terri Restaurants are advertised jointly as a common enterprise on Defendants' website: http://terrinyc.com/. The Restaurants' locations and contact numbers are listed at the bottom of the webpage. *See Exhibit A – Terri's website*.

(d) Supplies and employees are interchangeable amongst Restaurants' locations, and employees are threatened with job termination if they do not agree to help at the various locations on an as-needed basis.

8. Corporate Defendants:

(a) Corporate Defendant TERRI VEGETARIAN LLC d/b/a TERRI is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at c/o United States Corporation Agents, Inc., 7014 13th Avenue Suite 202, Brooklyn, New York 11228, and a principal place of business located at 60 West 23rd Street, New York, New York 10010.

(b) Corporate Defendant TERRI 2 LLC d/b/a TERRI is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at c/o United States Corporation Agents, Inc., 7014 13th Avenue Suite 202, Brooklyn, New York 11228 and a principal place of business located at 100 Maiden Lane, New York, New York 10038.

(c) Corporate Defendant TERRI 3, LLC d/b/a TERRI is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at c/o United States Corporation Agents, Inc., 7014 13th Avenue Suite 202, Brooklyn, NY 11228 and a principal place of business located at 685 3rd Avenue, New York, New York 10017.

9. Individual Defendants:

(a) CRAIG COCHRAN is the founder and owner of each of the Corporate Defendants. CRAIG COCHRAN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. CRAIG COCHRAN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to CRAIG COCHRAN regarding any of the terms of their employment, and CRAIG COCHRAN would have the authority to effect any changes to the quality and terms of employees' employment. CRAIG COCHRAN regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. CRAIG COCHRAN ensured that employees effectively serve customers and that the business is operating efficiently and profitably. CRAIG COCHRAN exercised functional control over the business and financial operations of each of the Corporate Defendants.

(b) JEFFREY LAPADULA is the owner and manager of each of the Corporate Defendants. JEFFREY LAPADULA exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. JEFFREY LAPADULA had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of

employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JEFFREY LAPADULA regarding any of the terms of their employment, and JEFFREY LAPADULA would have the authority to effect any changes to the quality and terms of employees' employment. JEFFREY LAPADULA regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. JEFFREY LAPADULA ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JEFFREY LAPADULA exercised functional control over the business and financial operations of each of the Corporate Defendants.

(c) TOMER VERSANO is the managing partner of each of the Corporate Defendants. TOMER VERSANO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. TOMER VERSANO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to TOMER VERSANO regarding any of the terms of their employment, and TOMER VERSANO would have the authority to effect any changes to the quality and terms of employees' employment. TOMER VERSANO regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. TOMER VERSANO ensured that employees effectively serve customers and that the business is operating efficiently and profitably. TOMER VERSANO exercised functional control over the business and financial operations of each of the Corporate Defendants.

10. At all relevant times, each of the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, waiters, busboys, runners, bartenders, barbacks, hostesses, cooks, line-cooks, food preparers, dishwashers and porters) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. Furthermore, a subclass of FLSA Collective Plaintiffs who were tipped employees comprised of delivery persons, waiters, busboys, runners, bartenders and barbacks (the "Tipped Subclass"), also suffered from Defendants' failure and refusal to pay them the proper minimum wage. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including delivery persons, waiters, busboys, runners, bartenders, barbacks, cooks, line-cooks, food preparers, dishwashers and hostesses) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of delivery persons, waiters, busboys, runners, bartenders and barbacks ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and Tipped Subclass.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay spread of hours premium and (iii) failing to provide proper wage notice and wage statements to employees. Tipped Subclass members were also subject to Defendants' practices of failing to pay them the proper statutory minimum wage. Defendants were not entitled take any tip credits under the NYLL, because they failed to satisfy all statutory requirements for taking a tip credit. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d) Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked;

e) Whether Defendants properly provided notice to Plaintiff and members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period, their proper overtime rate of compensation and other information required to be provided on wage statements, as provided under the New York Labor Law;

g) Whether Defendants took the proper amount of tip credit allowance from the compensation of Plaintiff and Tipped Subclass members under the New York Labor Law;

h) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

i) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law;

j) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

k) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

**STATEMENT OF FACTS**

23. On or around March 12, 2016, Plaintiff SALVADOR GOMEZ was hired by Defendants to work as a delivery person for the Terri Restaurant located at 685 3rd Avenue, New York, New York 10017. Plaintiff SALVADOR GOMEZ worked until on or about October 17, 2016.

24. Throughout his entire employment, Plaintiff had a regular work schedule as follows: from 12:00 p.m. to 8:00 p.m. on Mondays through Thursdays, from 12:00 p.m. to 10:00 p.m. on Fridays, and from 12:00 p.m. to 9:00 p.m. on Sundays; for a total of 51 hours per week. However, Plaintiff actually worked an average number of 55 hours per week, without a meal break. FLSA Collective Plaintiffs and Class members worked similar hours.

25. From the start of his employment until in or about October 2016, Plaintiff was paid a base hourly rate of $6.00 per hour, including hours worked over 40 per workweek. From in or about October 2016 until the end of his employment, Plaintiff was paid a base hourly rate of $6.50 per hour, including hours worked over 40 per workweek. Other Tipped Subclass members were paid similar rates under the statutory minimum wage, and all Class members were similarly paid a straight-time rate for all overtime hours.

26. At all relevant times, Defendants paid Plaintiff and Tipped Subclass members at hourly rates below the standard minimum wage.

27. Although Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

28. Plaintiff, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

29. Plaintiff and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit on tipped employees' compensation. They were never explained that Defendants were claiming a tip credit allowance and did not receive any notice as to the amount of tip credit allowance taken for each payment period during their employment.

30. During his employments with Defendants, Plaintiff was required to engage in various non-tipped activities, such as washing dishes, cleaning bathrooms, taking out trash, picking up merchandise from other locations, etc., for twenty (20) percent or more of their workday. Based on Plaintiff's direct observations and conversations with other employees, Tipped Subclass members similarly spent at least twenty (20) percent of their workday performing such non-tipped activities.

31. Defendants unlawfully failed to pay Plaintiff and the Tipped Subclass the Federal and State minimum wage for all hours worked.

32. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

33. Defendants failed to keep track of the daily amount of tips received by Plaintiff and the Tipped Subclass, and also failed to keep the proper employment records required under the FLSA and NYLL.

34. Defendants paid Plaintiff and the Tipped Subclass the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) failed to track the amount of tips received daily in violation of NYLL.

35. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed in each pay period.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this class and collective action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.00.

41. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and Tipped Subclass members for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

42. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

43. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

50. Defendants willfully violated Plaintiff's and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

51. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular

rate of pay for each hour worked in excess of forty hours in a workweek.

52. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium required by state law.

54. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

55. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

56. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.  An award of unpaid spread of hours premium due under the New York Labor Law;

f.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage, pursuant to 29 U.S.C. § 216;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

i.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of Class; and

m.  Such other and further relief as this Court deems just and proper.

# JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 11, 2017

> Respectfully submitted,
>
> LEE LITIGATION GROUP, PLLC
> C.K. Lee (CL 4086)
> Anne Seelig (AS 3976)
> 30 East 39th Street, Second Floor
> New York, NY 10016
> Tel.: 212-465-1188
> Fax: 212-465-1181
>
> *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*
>
> By: */s/ C.K. Lee*
>     C.K. Lee, Esq. (CL 4086)