UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SALVADOR GOMEZ, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>Plaintiff(s),<br><br>-against-<br><br>TERRI VEGETARIAN LLC d/b/a TERRI, TERRI 2 LLC d/b/a TERRI, TERRI 3 LLC d/b/a TERRI, CRAIG COCHRAN, JEFFREY LAPADULA and TOMER VERSANO,<br><br>Defendant(s). | Civil Case No.: 1:17-cv-00213 (JMF)<br><br>**CIVIL ACTION** |

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS
MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

Jones, Wolf & Kapasi, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile

*Attorneys for Defendants*

On the Memorandum:

Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.
Anand A. Kapasi, Esq.

## Table of Contents

Page

Table of Authorities....................................................................................................ii

PRELIMINARY STATEMENT...................................................................................1

RELEVANT STATEMENT OF FACTS.....................................................................4

ARGUMENT...............................................................................................................6

 I. Legal Standard.............................................................................................6

 II. Plaintiff's Motion For Conditional Collection Certification Must Be Denied.........8

  A. *Santiago v Tequila Gastropub*....................................................8

  B. Plaintiff's Complaint Is Deficient And Insufficient To Justify Sending the Proposed Notice of Pendency To Putative Collective Members Since He Failed To Present Any Evidence Of A Common Unlawful Policy Relative to the Corporate Defendants, and Specifically as to TERRI 1 and TERRI 2.......................................................................9

  C. Plaintiff's Proposed Collective Must Also Be Limited To Employees Who Worked As Delivery Persons At TERRI 3........................................13

  D. Plaintiff's Proposed Notice of Pendency Is Defective And To The Extent The Court Conditionally Certifies The Class, The Proposed Notice Must Be Amended...................................................................15

  E. Plaintiff's Request For Equitable Tolling Must Be Denied .....................17

CONCLUSION.........................................................................................................17

## Table of Authorities

**Page**

**Cases**

Apolinar v. R.J. 49 REST., LLC, 2016 U.S. Dist LEXIS 65733 (S.D.N.Y. May 18, 2016)........13

Fernandez v. Sharp Mgmt. Corp., 2016 U.S. Dist LEXIS 141916
   (S.D.N.Y. Oct. 13, 2016)...........................................................................................14-15

Flood v. Carlson Rests., Inc., 2015 U.S. Dist. LEXIS 6608 (S.D.N.Y. Jan. 20, 2015)...............16

Garcia v. Chipotle Mexican Grill, Inc., 2016 U.S. LEXIS 153531 (S.D.N.Y. Nov. 4, 2016).......17

Guaman v. 5 "M" Corp., 2013 U.S. Dist. LEXIS 152379 (S.D.N.Y. Oct. 22, 2013)..............11-13

Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008).............16

Hanming Feng v. Soy Sauce LLC, 2016 U.S.Dist. LEXIS 32829 (S.D.N.Y. Mar. 14, 2016)......17

Hamadou v. Hess Corp., 915 F. Supp. 2d 651 (S.D.N.Y. 2013).......................................................9

Hernandez v. Immortal Rise, Inc, 2012 U.S. Dist. LEXIS 136556  (E.D.N.Y. Sep. 24, 2012)......7

Hoffman v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997)(Sotomayor, J)..................................7

Ikikhueme v. CulinArt. Inc. 2013 U.S. Dist. LEXIS 77720
   (S.D.N.Y. June 3, 2013) (JMF)...................................................................................11,15

Ji v. Jling Inc., 2016 U.S. Dist LEXIS 66013 (E.D.N.Y. May 19, 2016)................................11,14

Levinson v. Primedia, Inc.,  2003 U.S. Dist. LEXIS 20010 (S.D.N.Y. Nov. 6, 2003)...................7

Mata v. Foodbridge LLC, 2014 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015)....................12

Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010).....................................................................6-7

Reyes v. Nidaja, LLC, 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. Aug. 3, 2015).......................15

Romero v. La Revise Assocs., LLC, 968 F. Supp. 2d 639 S.D.N.Y. 2013)...................................16

Sanchez v. JMP Ventures, LLC, 2014 U.S. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014)........11-13,15

Santiago v Tequila Gastropub, LLC, 2017 U.S. Dist. LEXIS 52058
   (S.D.N.Y. April 5, 2017) (Furman, J.)......................................................................1-2,4-11

<u>She Jian Guo v. Tommy's Sushi Inc.</u>, 2014 U.S. Dist. LEXIS 147981
      (S.D.N.Y. Oct. 16, 2014)..................................................................................................15

<u>Trinidad v Pret A Manger (USA)</u>, 962 F. Supp. 2d 545 (S.D.N.Y. 2013)...............................9,11

<u>Vasto v.Credico (USA) LLC</u>, 2016 U.S. Dist. LEXIS 60158 (S.D.N.Y. May 5, 2016)..............17

## **<u>Statutes</u>**

29 U.S.C. §201 *et seq*, the Fair Labor Standards Act ("FLSA")..........................................*passim*
      29 U.S.C. §216(b)..................................................................................................2,6,11,15
      29 U.S.C. §255(a)..........................................................................................................16

New York Labor Law §650...................................................................................................*passim*

## PRELIMINARY STATEMENT

Approximately two months ago, on April 5, 2017, this very Court had occasion to rule on an almost identical motion in <u>Santiago v Tequila Gastropub, LLC,</u> 2017 U.S. Dist. LEXIS 52058 (S.D.N.Y. April 5, 2017) (Furman, J.), which was also premised on claims, against three Manhattan restaurants, alleging violations of 29 U.S.C. §201 *et seq*, the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") §650. *Infra* **Section II(A).** It is respectfully submitted that Plaintiff, SALVADOR GOMEZ's[1] ("Plaintiff"), motion for conditional collective certification should be denied for the very reasons set forth in <u>Santiago</u>. *See* ECF Nos. 31-34.

In the alternative, and to the extent this Court is inclined to grant Plaintiff's motion, it is respectfully submitted that it should be *partially granted but only* as to named Defendant, TERRI 3 LLC d/b/a TERRI ("Terri 3"), and the motion should be *denied* as to Defendants: TERRI VEGETARIAN, LLC d/b/a TERRI ("Terri 1") and TERRI 2 LLC d/b/a TERRI ("Terri 2"). Furthermore, as to TERRI 3, the motion should be *further partially granted but only* as to individuals, like Plaintiff, who were employed at TERRI 3 exclusively as a delivery person (as opposed to cooks, cashiers etc.).

Defendants TERRI 1, TERRI 2 and TERRI 3 (the "Corporate Defendants") and CRAIG COCHRAN, JEFFREY LAPADULA and TOMER VERSANO (the "Individual Defendants") (the Corporate Defendants and the Individual Defendants collectively to be referred to as "Defendants") submit this Memorandum of Law in opposition to Plaintiff's Motion for Conditional Certification and Court-Authorized Notice of Pendency. *See* ECF Nos. 32, 32-1.

In support of Plaintiff's motion, he submits his own declaration (the "Gomez Dec.") and a second declaration by an individual named Raul Reyes (the "Reyes Dec."). Both declarations

---

[1] Plaintiff's counsel here also represents the plaintiff in <u>Santiago</u>. *See* ECF No. 32, p. 5.

suffer from the same deficiencies as set forth by this Court in <u>Santiago</u> regarding that plaintiff's declaration. *See* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1-2; *see also* ECF Nos. 33-34; copy of <u>Santiago</u> Declaration annexed as **<u>Exhibit A</u>**[2] to the Declaration of Benjamin J. Wolf, Esq ("Wolf Dec."). Furthermore, many of Plaintiff's and Mr. Reyes' claims (specifically as to the amount of time they were employed, hours they worked, and employment responsibilities) in their respective declarations are disputed by named Individual Defendant, TOMER VERSANO, in his own Affidavit ("Versano Aff."). *Infra*.

Plaintiff moves this Court to conditionally certify a collective action under Section 216(b) of the FLSA of "Covered Employees" employed by the Corporate Defendants from January 11, 2011 to the present. *See* ECF No. 32, p. 7; *see also* ECF No. 32-1, p. 3. However, it also appears that Plaintiff attempts to blur the lines between its motion for collective certification, and any forthcoming merits-based motion practice. ECF No. 32, pp. 10-15. As this Court, and Plaintiff[3], is well aware, the merits of Plaintiff's FLSA claims are not yet before this Court. <u>Id</u>. It is respectfully submitted that these allegations in Plaintiff's motion should be ignored by the Court. <u>Id</u>.

This Court should deny Plaintiff's motion as it is premised on "general and conclusory" allegations regarding his employment at the Corporate Defendants, and the employment of non-delivery persons. *See* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *2; *infra* **Section II(A)**. At best, and as will be further shown, this is even a stretch, Plaintiff barely satisfies his low burden to certify a collective action but only as to TERRI 3, and only as to delivery persons (like Plaintiff and Mr. Reyes), who worked at TERRI 3. *See* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1-2; *see*

---

[2] All lettered exhibits are annexed to the Wolf Dec.

[3] "'[t]he ultimate determination regarding the merits of the case-- is made later in the litigation process, after more thorough discovery.'" *See* ECF No. 26; *see also* Plaintiff's Memorandum of Law section IV(C)(ii).

*also* ECF Nos. 33-34; *infra* **Section II(A)**.

Defendants oppose Plaintiff's motion for three reasons: (1) the Plaintiff's pleadings are too conclusory (regarding Plaintiff's employment and allegations as to other employees he seeks to include in the collective action) to support granting any conditional certification; (2) that TERRI 1 and TERRI 2 should not even be defendants in this matter; and (3) the overly broad collective relief sought by Plaintiff, seeking to include "Covered Employees", despite the fact that Plaintiff, and Mr. Reyes are unable to provide specific information about their employment at any Corporate Defendant other than TERRI 3, and only regarding delivery persons as opposed to other non managerial employees. *See* ECF No. 33, ¶1; *see also* ECF No. 34, ¶1.

Finally, and while Defendants concede it is not necessarily dispositive, and notably absent from Plaintiff's papers, is the undisputed fact that a "Notice of Pendency" (*see* ECF No. 32-1) such as that proposed by Plaintiff, being sent to non-delivery employees and/or any employees at TERRI 1 or TERRI 2, based on very tenuous statements by Plaintiff (and Mr. Reyes), would severely impact the Corporate Defendants' ability to conduct business. *See* ECF Nos. 33-34.  Employees, whom neither Plaintiff nor Reyes have specifically stated suffered the same damages alleged by them, would be dragged into this lawsuit to the financial detriment of the Corporate Defendants. This would not only handicap the Corporate Defendants ability to conduct day-to-day business but in hiring prospective employees. It is respectfully submitted Plaintiff's motion should not be viewed in a vacuum, but that the aforementioned business issues should be considered by the Court as it analyzes the general, and conclusory, statements made by Plaintiff, and Mr. Reyes, regarding other prospective members of this collective action. *See* ECF Nos. 33-34.

## RELEVANT STATEMENT OF FACTS

TERRI 1 is located at 60 West 23rd Street, New York, New York 10010. *See* ECF No. 1, p.3. TERRI 2 is located at 100 Maiden Lane, New York, New York 10038.  Id. TERRI 3 is located at 685 3rd Avenue, New York, New York 10017. *See* ECF No. 1, p. 4. Plaintiff and Mr. Reyes concede that they were hired by TERRI 3, and solely as delivery persons. *See* ECF No. 33, ¶1; *see also* ECF No. 34, ¶1.

In order to rope in TERRI 1 and TERRI 2 into this collective action, Plaintiff and Mr. Reyes set forth similar generalities in their declarations regarding their employment rejected in Santiago. *Infra* **Section II(A)**. For example, in his thirteen (13) page declaration, Plaintiff only states the following as to his purported employment at TERRI 1 and TERRI 2: "I was predominantly employed at the Midtown East location. However, on a regular basis, when the other locations were short-staffed, I was required to work at either Chelsea or Financial District locations. I saw cashiers and cooks work interchangeably at the Restaurants. In addition, other employees and I were threatened with termination if we refused to cover a shift at another location..." *See* ECF No. 33, ¶2. Plaintiff's claims are disputed by Defendants as VERSANO declares that, at best, other than TERRI 3, Plaintiff was instructed to work merely one (1), partial shift, on one particular day, at TERRI 2, and was otherwise never required to work at TERRI 1 or TERRI 2. *See* ECF No. 33; *see* Versano Aff.

As if Plaintiff's Declaration was not vague enough, Mr. Reyes' eleven (11) page Declaration does not even reach Plaintiff's general level as Mr. Reyes only states: "Defendants employed interchangeable employees and I witnessed cooks and cashiers worked (*sic*) interchangeably between the restaurants. Supplies and ingredients were shared between the restaurants, and I was regularly required to transfer ingredients between the restaurants." *See*

ECF No. 34,  ¶2. Critically, aside from some additional language (much of which Defendants deny), Plaintiff's and Mr. Reyes' Declarations are noticeably similar to the plaintiff's declaration in <u>Santiago</u> where he merely stated "Employees at Defendants' Restaurants were ***interchangeable and shifted as needed***.". *See* **<u>Exhibit A</u>**, p.2; *see also* Versano Aff.  Similar to Plaintiff, Defendants also dispute Mr. Reyes' account of the amount of time he was employed by Defendants as well as his employment duties. *See* Versano Aff. For example, Mr. Reyes only worked at TERRI 3 for a period of five (5) weeks, and not four (4) months. *See* ECF No. 34; <u>Id</u>.

As noted above, Plaintiff and/or Mr. Reyes fail to provide this Court with a specific example of even one week, day or hour either of them worked at a Corporate Defendant other than TERRI 3. *See* ECF Nos. 33-34. This is simply beyond comprehension for someone like Plaintiff who alleges he worked for the Corporate Defendants for about seven months (and Mr. Reyes for four months although Defendants allege he only worked for 5 weeks). *See* ECF No. 33, ¶1; ECF No. 34, ¶1.; *see also* Versano Dec. Furthermore, Plaintiff fails to set forth "...the timing, duration, terms, or conditions..." for any of the other alleged employees of the Corporate Defendants stated in their Declarations. *See* ECF No. 33, ¶4; ECF No. 34, ¶4; *see also* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1; *infra* **Section II(A)**.   Quite simply, Plaintiff's are unable to sufficiently connect the proverbial dots to bring TERRI 1 and TERRI 2 into the collective action, in addition, to non-delivery employees at all of the Corporate Defendants.

Plaintiff, himself, is simply unable to provide specific proof that he ever worked at TERRI 1 and TERRI 2.  The utter lack of evidence – conclusory or otherwise – is fatal to that argument and supports removing TERRI 1 and TERRI 2 from any conditional certification consideration.  Critically, the Individual Defendants adamantly deny that Plaintiff ever worked at TERRI 1 or TERRI 2, and no records exist (other than 1 text message evidencing just 1 partial shift, on one particular day) showing that Plaintiff ever worked at either of them. *See* Versano

Aff.  Moreover, Plaintiff himself makes a very weak showing in his effort to claim that he was employed by, or worked at, TERRI 1 and TERRI 2.  *See* ECF No. 33.

Plaintiff's self-serving and conclusory allegations are also relevant to the question of whether the proposed class should expand beyond Plaintiff's admitted position of "delivery person."  The Motion and Declaration both contain the same boilerplate, self-serving, conclusory allegations to try and establish that the alleged FLSA violations, if any, were so pervasive that they spread throughout all non-exempt positions. This Court should not grant collective certification absent proof that Plaintiff has established the other employees he seeks to represent are truly similarly situated, which he has not, and cannot. *See* ECF No. 33.  Accordingly, for all of these reasons and as detailed below, Plaintiff's motion for conditional certification should be denied, or in the alternative, substantially limited to cover only delivery persons, and only delivery persons who worked at TERRI 3.

# ARGUMENT

## I.    Legal Standard

Section 216(b) of the FLSA authorizes employees to maintain collective actions only where they are "similarly situated"[4] with respect to the alleged violations of the FLSA.  29 U.S.C. § 216(b); Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010); *see also* Santiago, 2017 U.S. Dist. LEXIS 52058, *1. For this Court to grant Plaintiff's motion for conditional collective certification is a two-step process in the Second Circuit.  *See* Myers, 624 F.3d at 554–

---

[4] Plaintiff cites to one Colorado federal court case for the premise that its motion can be granted simply based on permissive joinder but cites not one case from the Second Circuit for this premise. *See* ECF No. 32, pp. 15-16, 19-23.  Notably, while conceding that the Second Circuit requires "two additional requirements", Plaintiff then continues to heavily rely on the Colorado district court case for the premise (and frankly, wrongly editorializes) that "These non-statutory requirements serve to frustrate and impede the liberalized joinder that §216(b) was intended to allow in the FLSA context." *See* ECF No. 32, p. 19.

55; *see also* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1.

The first step, commonly known as the "notice" step, requires Plaintiff to make a "factual showing that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  Myers, 624 F.3d at 555 (quoting <u>Hoffman v. Sbarro</u>, *Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)(Sotomayor, J); *see* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1.  "Although only a modest factual showing is required, this standard 'cannot be satisfied simply by unsupported assertions.'" <u>Hernandez v. Immortal Rise, Inc</u>, 2012 U.S. Dist. LEXIS 136556,*9 (E.D.N.Y. Sep. 24, 2012) (quoting <u>Myers</u>, 624 F.3d at 555).

In this case, it is not enough that Plaintiff alleges he was subjected to a policy or practice at the Corporate Defendants that violates the law.  Instead, Plaintiff must demonstrate that others like him were subjected to that policy or practice[5].  Where Plaintiff has neither identified a policy that violates the law nor demonstrated that the policy or practice was common to others he seeks to represent, his case cannot proceed collectively, and must proceed on an individual basis, or least be limited accordingly.  *See* <u>Levinson v. Primedia, Inc.</u>,  2003 U.S. Dist. LEXIS 20010, *4-5(S.D.N.Y. Nov. 6, 2003) (denying motion for conditional certification and noting that "[w]hile plaintiffs have provided factual assertions in support of the claim . . . that <u>they</u> were deprived of a minimum wage and overtime rates, they have failed to make a sufficient showing that the same was true for other potential plaintiffs") (emphasis in original). Here, Defendants have requested that if the Court is inclined to grant Plaintiff's motion, it be limited to TERRI 3, and further limited only as to delivery persons (like Plaintiff and Mr. Reyes), who worked at TERRI 3.

---

[5] Plaintiff, again, concedes that this specificity as to collective members is required in the Second Circuit but then distances himself from this requirement, and yet again, turns to the Colorado federal court case for support. *See* ECF No. 32, p. 21-23.

## II.   Plaintiff's Motion For Conditional Collection Certification Must Be Denied

### A.   <u>Santiago v Tequila Gastropub</u>

Approximately two months, in <u>Santiago</u>, this Court granted in part, and denied in part, a motion for conditional certification similar to Plaintiff's here. In <u>Santiago</u>, like Plaintiff here, that plaintiff attempted to include three different restaurants in its collective action. Critically, like <u>Santiago</u>, Plaintiff also "...falls short of satisfying his burden, low as it may be, to certify a collective action..." as to non-delivery persons, and as to employees at TERRI 1 and TERRI 2. *See* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1.

The <u>Santiago</u> plaintiff submitted a declaration, which showed that he worked almost exclusively at only one of the three defendant restaurants. *See* **<u>Exhibit A</u>**; *see also* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1. As to a second defendant restaurant, the <u>Santiago</u> plaintiff could only generally state that while working at the first restaurant he was also required to work at the second restaurant. Id. Notably, the <u>Santiago</u> plaintiff declared nothing about working at the third defendant restaurant. Id. In addition, the <u>Santiago</u> plaintiff was only granted conditional collective certification as to other employees at the first restaurant because his statements as to employees at the other two restaurants failed to state "the timing, duration, terms or conditions" of their work. Id.

Plaintiff's claims in the Complaint, and his declaration, are almost identical to the general and conclusory statements at issue in <u>Santiago</u>. *See* ECF No.1, *see* ECF No. 33. Here, Plaintiff only states "I was predominantly employed at the Midtown East location. However, on a regular basis, when the other locations were short-staffed, I was required to work at either the Chelsea or Financial District locations." *See* ECF No. 33, p. 2. First, this is disputed in the Versano Aff. given that, at best, other than TERRI 3, Plaintiff worked one partial shift, on one particular day,

at TERRI 2. Otherwise, Plaintiff worked exclusively as a delivery person,  and exclusively at TERRI 3. Second, Plaintiff fails to state one particular day, or shift, during his entire tenure, when he worked at a restaurant other than TERRI 3. Thirdly, throughout his declaration, Plaintiff uses the phrase "based on my personal observations and conversation, other non managerial employees..." but only includes 12 other alleged employees in the list. *See* ECF No. 33, pp. 2-3. Nine (9) of them work at TERRI 3, and only two work at TERRI 1, and one works at TERRI 2. This similar type of list where most of the employees worked at only one restaurant was specifically rejected in <u>Santiago</u>. *See* <u>Santiago</u>, 2017 U.S. Dist. LEXIS 52058, *1

It is respectfully submitted that this Court's decision in <u>Santiago</u> should guide it here.

**B.     Plaintiff's Complaint Is Deficient And Insufficient To Justify Sending the Proposed Notice of Pendency To Putative Collective Members Since He Failed To Present Any Evidence Of A Common Unlawful Policy Relative to the Corporate Defendants, and Specifically as to TERRI 1 and TERRI 2**

The determination as to the scope of a collective action turns on which employees were similarly situated with respect to allegedly unlawful policies.  When it comes to extending the collective action to employees of multiple locations (i.e., TERRI 1, TERRI 2, and TERRI 3), such as alleged by Plaintiff here (and similarly in <u>Santiago</u>) "courts consider whether the plaintiffs have made an adequate factual showing to support an inference that such a *uniform policy* or practice exists." <u>Trinidad v Pret A Manger (USA)</u>, 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013) (quoting <u>Hamadou v. Hess Corp.</u>, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013).  Simply put, like two of three restaurants in <u>Santiago</u>, TERRI 1 and TERRI 2 should not be included in any conditionally certified collective as Plaintiff has failed to make the requisite showing.

Plaintiff's motion, and Declaration (as well as Mr. Reyes' Declaration), consist entirely of insufficient, conclusory allegations. *See* ECF Nos. 33-34. Specifically, Plaintiff alleges that all other non-managerial employees were subject to the same alleged unlawful wage and hour

policies based on his "personal observations and conversations" with "other non-managerial employees"  *See* ECF No. 33, ¶¶5-6,8-9.  However, Plaintiff does not provide any detail as to any such observation or conversation, with the exception of listing twelve other individuals – most by first name only – that he claims he observed or conversed with.  *See* ECF No. 33. In fact, the only notable difference between the applicable statements in Plaintiff's (and Mr. Reyes') declaration, and that of the <u>Santiago</u> plaintiff, is Plaintiff additionally, and generally, states that he routinely complained about his compensation with other "non-managerial employees" who also complained about their compensation. <u>Id.</u> at ¶4; *see* **<u>Exhibit A</u>**.  Interestingly, in the numerous paragraphs when Plaintiff is able to specifically, and unequivocally, declare *his own* hours worked, hourly rate paid, wage notice received, wage statements or tip credit received, he fails to make any corresponding specific statements about the hours worked, hourly rate paid, wage notice received, wage statements or tip credit received for the twelve other employees in his Declaration. *See* ECF No. 33,  ¶¶4-6, 8-10. Mr. Reyes' Declaration suffers from the same deficiencies. *See* ECF No. 34.

Oddly, Plaintiff states that he and the other employees regularly shared/compared their pay each week but fails to specifically state whose pay he compared to his, and by what method he performed his comparison. *See* ECF No. 33. For example, if Plaintiff alleges that all of the employees were paid in cash each week, did he compare the cash he received every Friday with that of the other employees? *See* ECF No. 33, ¶9. Did he witness first-hand the cash payments being distributed by the Corporate Defendants to the other employees each week? If not, how can he be sure the other employees were being candid with him about how much they were paid? Putting aside the actual answers to these questions, they are not even remotely addressed in Plaintiff's Declaration (or Mr. Reyes' either). *See* ECF Nos. 33-34.

In addition to <u>Santiago</u> (*supra*), several recent decisions in this circuit have rejected efforts to conditionally certify collectives where the plaintiffs, like the Plaintiff here, were unable to demonstrate that employees at locations, where they did not work, were subject to the same allegedly unlawful policy or practice. *See,* <u>Ji v. Jling Inc.</u>, 2016 U.S. Dist LEXIS 66013, *10-11, 13-16 (E.D.N.Y. May 19, 2016) (denying Plaintiff's motion for conditional certification of all non-managerial employees of defendants' three restaurant locations based on the unsupported assertions and conclusory allegations contained in Plaintiff's declaration); *see also* <u>Sanchez v. JMP Ventures, LLC</u>, 2014 U.S. LEXIS 14980, *4-6 (S.D.N.Y. Jan. 27, 2014)("Plaintiff does not, however, provide <u>any</u> detail as to a <u>single</u> such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. Instead, the Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint. These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b). *Cf.* <u>Ikikhueme v. CulinArt. Inc</u>. No. 13 Civ. 293 (JMF), 2013 U.S. Dist. LEXIS 77720, 2013 WL 2395020, at *2-3 (S.D.N.Y. June 3, 2013) (denying conditional certification when plaintiff offered only a single declaration from himself and otherwise relied on 'unsupported assertions')."; <u>Trinidad</u>, 962 F. Supp. 2d at 557-58 (rejecting conditional certification for 33 New York City stores due to plaintiffs' inability to "demonstrate[ ] across all locations a uniform policy of failure to pay overtime compensation); *see also* <u>Guaman v. 5 "M" Corp.</u>, 2013 U.S. Dist. LEXIS 152379, *9-10 (S.D.N.Y. Oct. 22, 2013) (granting plaintiff's motion for conditional certification for the one physical location he worked at, but refusing to include the three other locations that the plaintiff did not work at); *c.f.*

Mata v. Foodbridge LLC, 2014 U.S. Dist. LEXIS 70550, *9,11 (S.D.N.Y. June 1, 2015) (failing to conditionally certify an "overly broad class" due to plaintiff's unsupported assertions, noting that "such details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function").

The facts of the Sanchez, 2014 U.S. LEXIS 14980 case, as to a collective action, are remarkably similar to Plaintiff's here.  In Sanchez, the plaintiff was a delivery person who sought collective action certification on behalf of "all tipped employees" employed by the defendants at three restaurant locations over a three-year period. Sanchez, 2014 U.S. LEXIS 14980, at *4.  The plaintiff himself had worked for the defendants for only seven months, and only at two of the three locations.  Id. at *4-5.  Moreover, the plaintiff alleged that the defendants had a common practice of paying proper wages based on his "observations" and "conversations" with other employees, whom he listed by first name only. Id.  In denying the plaintiff's motion for collective action certification, the court found dispositive the fact that the plaintiff had not "provide[d] any detail as to a single such observation or conversation."  Id.

Similarly, in Guaman, the plaintiff attempted to conditionally certify a collective action of the employees for all four of defendants' restaurants, despite the fact that he only worked at only one of the restaurant locations.  The Guaman plaintiff relied on his own declaration to show that "all four restaurants followed the same wage and hour policies," which he learned through "conversations" with two other employees, at unspecified times.  Guaman, 2013 U.S. Dist. LEXIS 152379, at *4.  The plaintiff also "relie[d] on [d]efendants' website, YouTube channel, a[n] . . . article in the New York Post and licensing information to show that the four restaurants are under common management."  Id at *9.  Again, the court rejected these conclusory, unsupported allegations while also noting that the website, Youtube channel and licensing

information, while perhaps evidence of common ownership, it is not evidence, in and of itself, that the same allegedly unlawful employment policy was in place at the other restaurant locations. Id.

The vague, self-serving, conclusory and unsupported allegations and declarations that were so fatal to the aforementioned plaintiffs' motions for conditional certification are exactly the types of allegations and declarations found here. *See* ECF Nos. 33-34. Moreover, as noted by the court in cases such as Guaman and Sanchez, evidence of common ownership across multiple locations does not, in and of itself, provide the requisite push towards certification. *C.f.* Apolinar v. R.J. 49 REST., LLC, 2016 U.S. Dist LEXIS 65733, at 11-13 (S.D.N.Y. May 18, 2016) (granting defendants' motion to dismiss plaintiffs' complaint against certain entities named as "employers" in the complaint, despite the existence of common ownership and a common purpose for at least some of these defendants, due to plaintiff's failure to plausibly establish an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer).

Here, Plaintiff has failed to meet his burden of proving that a common, unlawful policy existed that affected all non-exempt employees at each of the three Corporate Defendants (TERRI 1, TERRI 2, and TERRI 3.  Accordingly, certification – if granted at all – must be limited exclusively to a subset of employees who worked at the TERRI 3, and only those who were delivery people. *Infra*

### C.    Plaintiff's Proposed Collective Must Also Be Limited To Employees Who Worked As Delivery Persons At TERRI 3

Plaintiff's proposed collective of all non-exempt employees – including delivery persons, waiters, busboys, runners, bartenders, barbacks, hostesses, cooks, line-cooks, food preparers, dishwashers and porters (*see* ECF No. 1)  – is far too expansive, especially considering theutter

lack of evidence presented by Plaintiff (or Mr. Reyes). *See* ECF Nos. 33-34. Similar to what Plaintiff needed to show in order to bring in the employees of TERRI 1 and TERRI 2, to certify a collective for all non-exempt employees, Plaintiff must demonstrate "that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." Ji, 2016 U.S. Dist. LEXIS 66013, at *13. For the same reasons TERRI 1 and TERRI 2 should be excluded from any conditionally certified collective action – if granted at all – all non-delivery persons should be excluded as well.

It is undisputed that Plaintiff was employed throughout his entire employment – a period of approximately seven months – as a delivery person. *See* ECF No. 33, ¶1; *see also* Versano Aff. It is also clear that the only evidence presented by Plaintiff in support of the Motion is his allegation that, based on his "personal observations and conversations with other employees," all other non- managerial employees were subject to the same alleged unlawful wage and hour policies, listing twelve other individuals – most by first name only – that he claims he observed or conversed with. *See* ECF No. 33, ¶¶4-6,8-10 . No other details are provided, with the exception of boiler plate recitals of the various alleged wage and hour violations. Id. As previously stated, although Plaintiff makes specific recitals regarding *his own* hours worked, hourly rate paid, wage notice received, wage statements or tip credit received, he is silent as to corresponding specific statements about the hours worked, hourly rate paid, wage notice received, wage statements or tip credit received for the twelve other employees in his Declaration. Id.

Again, there have been numerous decisions in this circuit that have rejected efforts to conditionally certify overly broad collectives where the plaintiff's sole support for conditional certification consisted of unsupported assertions and conclusory allegations. *See, e.g.,* Fernandez

v. Sharp Mgmt. Corp., 2016 U.S. Dist LEXIS 141916, *10 (S.D.N.Y. Oct. 13, 2016) (denying plaintiffs' motion to certify a collective with employees having different job titles from those of plaintiffs' due to the plaintiffs' affidavits lacking "the specificity and detail that our case law requires to extend conditional certification beyond their own job title"); *see also* Reyes v. Nidaja, LLC, 2015 U.S. Dist. LEXIS 101728, at *5-7 (S.D.N.Y. Aug. 3, 2015) (collecting cases that involved the denial of a motion for conditional certification based on the plaintiff's failure to adequately describe how others were similarly situated); *see also* She Jian Guo v. Tommy's Sushi Inc., 2014 U.S. Dist. LEXIS 147981 (S.D.N.Y. Oct. 16, 2014) (denying plaintiffs' motion for conditional certification of a much broader class due to the vague, conclusory, and unsupported assertions presented by plaintiffs); *see also* Ikikhueme, 2013 U.S. Dist. LEXIS 77720 (denying conditional certification motion premised only on a plaintiff's personal declaration containing "unsupported assertions" regarding other employees).

Defendants again note that Plaintiff has failed to provide "any detail as to a single such observation or conversation . . . [leaving] the Court . . . with a list of generalized allegations that been molded into a declaration which reads similarly to the complaint."  Sanchez, 2014 U.S. LEXIS 14980 (emphasis in original).  The allegations set forth in the Motion and the Declaration are "precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b)."  Id. Accordingly, Defendants repeat that conditional certification – if granted at all – must be limited exclusively to employees who worked as runners at the Daisy.

### D.  Plaintiff's Proposed Notice of Pendency Is Defective And To The Extent The Court Conditionally Certifies The Class, The Proposed Notice Must Be Amended

If conditional collective certification is denied, court-authorized notice and disclosure of

names and contact information would not be required.  If conditional certification of some scope is granted, Defendants respectfully request that counsel be given a period of two weeks from the issuance of any order granting conditional certification to meet and confer on the terms of a notice and the terms, if any, of disclosure relating to the notice.  Such period of time will allow the parties to identify more precisely any issues which may exist following the Court's decision and tailor the notice accordingly.  *See, e.g.,* Flood v. Carlson Rests., Inc*.*, 2015 U.S. Dist. LEXIS 6608, *18 (S.D.N.Y. Jan. 20, 2015) (granting defendants' request and directing "the parties to first meet and confer on both the form and dissemination of notice, as well as the terms of the production of the names and contact information of potential opt-in plaintiffs").

This approach is particularly appropriate because of certain, obvious defects in Plaintiff's proposed notice.  As an initial matter, fairness dictates that putative members of the collective action be fully informed of Defendants' position with respect to Plaintiff's claims in greater detail than "Defendants deny that the Plaintiff's claims have merit." *See* ECF No. 32-1, p. 2. Defendants also adamantly oppose Plaintiff's request that the notice period be six years as opposed to three years, which is "the maximum time period to join an FLSA collective action." Romero v. La Revise Assocs., LLC, 968 F. Supp. 2d 639, 649 (S.D.N.Y. 2013); *see also* Id at p. 3. Moreover, the three-year time period is only for matters involving willful violations of the FLSA.  29 U.S.C. § 255(a).

Additional concerns for Defendants involve the Plaintiff's proposed notice improperly requiring putative collective members to send consent notices directly to Plaintiff's attorney rather than to the Clerk of the Court,[6] the production of putative collective members' social

---

[6] *See, e.g.,* Hallissey v. Am. Online, Inc*.*, 2008 U.S. Dist. LEXIS 18387, *11 (S.D.N.Y. Feb. 19, 2008).

security numbers,[7] and the reference to New York Labor Law claims. Id.

**E.    Plaintiff's Request For Equitable Tolling Must Be Denied**

Finally, Defendants object to Plaintiff's request for a tolling of the statute of limitations. *See* ECF No. 32, pp. 29-30. "Equitable tolling is appropriate 'only in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights.'" Garcia v. Chipotle Mexican Grill, Inc., 2016 U.S. LEXIS 153531, *31-32(S.D.N.Y. Nov. 4, 2016) (quoting Vasto v.Credico (USA) LLC, 2016 U.S. Dist. LEXIS 60158 (S.D.N.Y. May 5, 2016).  Other than presenting this Court with its own line of cases in support, Plaintiff fails to provide this Court with any specific reason (other than generally stating "to avoid inequitable circumstances") to toll the applicable statute of limitations. *See* ECF No. 32, p. 29. As this case does not present any "rare" or "exceptional" circumstances, Defendants ask that the Court deny this request.

**CONCLUSION**

For all the reasons set forth above, the Court should deny Plaintiff's Motion for Conditional Collective Certification, or in the alternative, limit the collective to delivery persons, who only worked at TERRI 3.

Dated:  New York New York
           June 7, 2017

/s/ *Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
Jones, Wolf & Kapasi, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile

---

[7] *See, e.g.,* Hanming Feng v. Soy Sauce LLC, 2016 U.S.Dist. LEXIS 32829, *22 (S.D.N.Y. Mar. 14, 2016) (denying the request for social security numbers as "unnecessary at this juncture"); *see also* Garcia, 2016 U.S. LEXIS 153531.