```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
SALVADOR GOMEZ, on behalf of himself, FLSA                         :
Collective Plaintiffs, and the Class,                              :
                                                                   :
                              Plaintiff,                           :
                                                                   :
              -v-                                                  :
                                                                   :
TERRI VEGETARIAN LLC d/b/a TERRI et al.,                           :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  06/16/2017

17-CV-213 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Salvador Gomez brings this action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab.

Law § 650 *et seq.*, against Terri Vegetarian LLC ("Terri 1"), Terri 2 LLC ("Terri 2"), and Terri 3

LLC ("Terri 3"), all of which do business as Terri (collectively, the "Restaurant Defendants"), as

well as Craig Cochran, Jeffrey Lapadula, and Tomer Versano (collectively, with the Restaurant

Defendants, "Defendants"), to recover unpaid minimum wage and overtime pay.  Plaintiff now

moves for conditional certification of a FLSA collective action.  (Docket No. 31).  Upon review

of the parties' submissions, Plaintiff's motion for conditional certification is GRANTED.

Plaintiff, who worked as a delivery person at Terri 3 from approximately March 2016 to

October 2016, moves to certify a class of "all non-exempt employees, including cooks, counter

persons and delivery persons," employed at the Restaurant Defendants "within the last six (6)

years."  (Docket No. 31-1, ¶ 1; *see* Docket No. 33 ("Gomez Decl.") ¶ 1; Docket No. 39

("Versano Decl.") ¶ 14).  With respect to employees at Terri 3, Plaintiff carries his "low" burden

at this stage of making a "modest factual showing" that he and "potential opt-in plaintiffs

together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*,

624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see, e.g.*, *Amador v.*

*Morgan Stanley & Co. LLC*, No. 11-CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7,

2013) (noting that a plaintiff may rely "'on [his] own pleadings, affidavits, [and] declarations'"

to support a motion for collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No.

99-CV3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)); *see also, e.g.*, *Santiago*

*v. Tequila Gastropub LLC*, No. 16-CV-7499 (JMF), 2017 WL 1283890, at *1 (S.D.N.Y. Apr. 5,

2017).[1]  (*See* Docket No. 1 ("Compl."); Docket No. 34 ("Reyes Decl."); Gomez Decl.).

Defendants do not seriously argue otherwise, at least as to delivery persons at Terri 3.  To the

extent that they argue that Plaintiff's motion should be granted only as to delivery persons

(Docket No. 37 ("Defs.' Opp'n), at 13-15), their argument falls short, as Plaintiff carries his low

burden of showing that other non-exempt workers were subject to the same hour and wage

practices.  (*See, e.g.*, Gomez Decl. ¶ 4; Reyes Decl. ¶ 4).

Whether Plaintiff's motion should be granted as to non-exempt employees at Terri 1 and

Terri 2 presents a closer question, but the Court concludes that it should.  Plaintiff alleges that

the Defendant Restaurants are commonly owned and operated under the same name, points that

Defendants appear to concede.  (Gomez Decl. ¶ 2; Reyes Decl. ¶ 2; Docket Nos. 32-2, 32-3).

More significantly, Plaintiff and another former employee allege that employees were regularly

---

[1]     Plaintiff invites the Court to follow *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp.
3d 1300 (D. Colo. 2015), in holding that he need not meet any burden for others to join his FLSA
suit against Defendants.  (Docket No. 32 ("Pl.'s Mem."), at 9-16).  But Plaintiff abandons that
argument in his reply memorandum of law (*see* Docket No. 44), and explicitly acknowledges
that it is contrary to the approach adopted by the Second Circuit and district courts within the
Second Circuit (*see* Pl.'s Mem. at 16-18).  Accordingly, the Court declines Plaintiff's invitation.

required to work interchangeably between the Restaurant Defendants and to transfer supplies and ingredients between the Restaurant Defendants; were threatened with termination if they refused to work at a different restaurant location that was short-staffed; and that the three restaurants were subject to the same wage and hour policies.  (Gomez Decl. ¶¶ 2, 5; Reyes Decl. ¶ 2). Defendants dispute Plaintiff's claim that he was asked to work at the other locations on a regular basis, but — notably — their own submissions confirm that Plaintiff was directed, on at least one occasion, to work at Terri 2, thus confirming the central point.  (Versano Decl. ¶¶ 9-14).  In any event, factual disputes are not a basis to deny certification at this stage.  *See, e.g.*, *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007).

For the foregoing reasons, the Court concludes that Plaintiff satisfies his low burden as to all three Restaurant Defendants, and thus grants Plaintiff's motion for conditional certification of a collective action.  *See, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662-64 (S.D.N.Y. 2013) (certifying a collective action including employees at locations other than the location where the plaintiff was primarily employed); *see also Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 370-71 (S.D.N.Y. 2014) (same); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12-CV-8629 (KPF), 2013 WL 5211839, at *5 (S.D.N.Y. Sept. 16, 2013); *cf. Santiago*, 2017 WL 1283890, at *1-2 (limiting certification to the location where the plaintiff was employed where he had alleged only that he had worked at one of the other two locations, "without providing any information concerning the timing, duration, terms, or conditions of such work"; stated "that '[t]o the best of [his] knowledge' Defendants 'control and operate' the three restaurants and that '[e]mployees at Defendants' Restaurants were interchangeable and shifted as needed'"; and cited only one employee who had worked at each of the other locations).

Accordingly, Plaintiff's motion for conditional certification is GRANTED.  With respect

to the parties' subsidiary disputes and Plaintiff's proposed notice and opt-in form, the Court

further rules as follows:

- Given that the statute of limitations for claims under the FLSA is, at most, three years, there is no basis or need to send notice to those who worked for Defendants more than three years prior to Plaintiff's filing of his Complaint.  *See, e.g.*, *Hamadou*, 915 F. Supp. 2d at 668 ("Notice would normally be provided to those employed within three years of the date of the notice.  However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (internal quotation marks and citations omitted)).

- Plaintiff's categorical request for equitable tolling of the statute of limitation is denied — without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted.  *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that, where "equitable tolling may extend the statute of limitations for certain prospective plaintiffs . . . . it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date").

- **Within two week of this Memorandum Opinion and Order**, Defendants shall produce not only the names and last-known addresses of potential collective members, but also last-known telephone numbers and e-mail addresses. Defendants shall not, in the first instance, produce any Social Security numbers. If a notice is returned as undeliverable, Defendants shall provide the Social Security number of that individual to Plaintiff's counsel.  Any Social Security numbers so produced will be maintained by Plaintiff's counsel alone and used for the sole purpose of performing a skip-trace to identify a new mailing address for notices returned as undeliverable.  All copies of Social Security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip-trace analysis is completed.  Within fourteen days following the close of the opt-in period, Plaintiff's counsel will certify in writing to the Court that the terms of this Order have been adhered to and that the destruction of the data is complete.  These procedures are sufficient to safeguard the privacy information of potential plaintiffs.  *See, e.g.*, *Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

- To avoid disputes over timeliness, potential opt-in plaintiffs shall be required to send their consent forms directly to the Clerk of Court rather than to Plaintiff's counsel.

- The consent form shall be modified to make clear that potential plaintiffs may retain other counsel (or represent themselves).

- Finally, the Notice should be modified to advise recipients that their immigration status does not affect their entitlement to recover back wages or to participate in the lawsuit and that they have a right to participate in the action even if they are undocumented immigrants.

The parties shall meet and confer and, **no later than June 30, 2017**, submit revised versions of a proposed order, notice, and consent form in accordance with this Memorandum Opinion and Order.  (Counsel should refer to the notices and consent forms in *Tamay et al. v. Mr. Kabob Restaurant, Inc.*, 15-CV-5935 (JMF) (Docket No. 26), *Sanz et al. v. Johny Utah 51 LLC et al.*, 14-CV-4380 (JMF) (Docket No. 61), and *Saleem v. Corporate Transportation Group, Ltd.*, 12-CV-8450 (JMF) (Docket No. 67), for examples of notices and opt-in forms that the Court has previously approved.)

The Clerk of Court is directed to terminate Docket No. 31.

SO ORDERED.

Date:   June 16, 2017
        New York, New York

JESSE M. FURMAN
United States District Judge